The relief described hereinbelow is SO ORDERED.

Signed December 15, 2009.

_____
ROBERT D. BERGER
United States Bankruptcy Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

**In re:**

**ELISHA S. ORTIZ,**                       Case No. 09-21027
      **Debtor.**                             Chapter 7

## MEMORANDUM OPINION AND ORDER SUSTAINING
## TRUSTEE'S OBJECTION TO PROPERTY CLAIMED AS EXEMPT

The Chapter 7 Trustee objects to Debtor's claimed exemption of an annuity Debtor received as settlement of a wrongful death claim. The parties submitted the issue based on the pleadings. The facts are not in dispute. This matter constitutes a core proceeding over which this Court has jurisdiction.[1]

The Court finds the annuity is not exempt.

### Findings of Fact

Debtor filed her Chapter 7 petition on April 9, 2009. Debtor claims a $900 per month annuity payment exempt under 11 U.S.C. §522(d)(10)(E). The annuity is the result of a

---

[1] 28 U.S.C. §157(b)(2)(B); 28 U.S.C. §1334.

09.12.15 Ortiz Exemption.wpd

wrongful death claim settled in 1984.

The Trustee objects to Debtor's exemption because wrongful death settlement proceeds are not exempt under Kansas law even if paid in the form of an annuity. The Trustee argues 11 U.S.C. §522(d)(10)(E), which exempts retirement-related benefits, does not apply. Debtor argues §522(d)(10)(E) is broad enough to encompass almost any annuity.

## Discussion

The Trustee bears the burden of proving the exemption is not properly claimed.[2] Exemptions are construed liberally in favor of the debtor; however, courts may not enlarge the exemption or read into it provisions not found there.[3] An exemption under §522(d)(10)(E) requires the benefits received (1) be in the nature of a stock bonus, pension, profitsharing, annuity, or similar plan or contract; (2) arise on account of illness, disability, death, age or length of service; and (3) are reasonably necessary for the support of the debtor and the debtor's dependents.[4] The exemption protects future income streams which are intended to replace wages lost upon retirement, disability, or the death of a wage earner upon whom the claimant was dependent.[5] Section 522(d)(10)(E) is consistently read as exempting employment-related substitutes for hourly or salaried wages.[6]

A debtor's right to receive a payment on account of the wrongful death of an individual

---

[2] Fed. R. Bankr. P. 4003.

[3] *Johnston v. Barney,* 842 F.2d 1221, 1223 (10th Cir. 1988); *Nohinek v. Logsdon,* 6 Kan. App. 2d 342, 345, 628 P.2d 257 (Kan. App. 1981).

[4] *Rousey v. Jacoway*, 544 U.S. 320, 325-26 (2005).

[5] *In re Stover,* 332 B.R. 400, 403 (Bankr. W.D. Mo. 2005) (citing *Checkett v. Vickers (In re Vickers),* 954 F.2d 1426, 1429 (8th Cir. 1992); *In re Collett,* 253 B.R. 452, 454 (Bankr. W.D. Mo. 2000)); *see also* H.R. REP. NO. 95-595, at 362 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6318.

[6] *Rousey v. Jacoway*, 544 U.S. at 331.

- 2 -

09.12.15 Ortiz Exemption.wpd
Case 09-21027   Doc# 32   Filed 12/15/09   Page 2 of 3

on whom the debtor was a dependent is exempt under §522(d)(11)(B).[7] At least 13 states, if not more, also provide for such an exemption within their state exemption statutes.[8] Kansas does not allow this particular exemption.

The Trustee has met his burden to prove the exemption in the annuity is improperly claimed. Debtor's only argument to support the exemption is that §522(d)(10)(E) is broad enough to exempt virtually every type of annuity. However, Debtor's interpretation impermissibly extends both the Congressional grant and the Kansas legislature's adoption of it.

The Trustee's Objection to Debtor's Exemption is SUSTAINED.

IT IS SO ORDERED.

### 

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS

---

[7] Kansas adopted by reference the exemptions under §522(d)(10) but not those under §522(d)(11). K.S.A. §60-2312(b).

[8] *See In re Ballard,* 238 B.R. 610, 649 (Bankr. M.D. La. 1999) (compiling an illustrative list of state exemption statutes and citing 15 LAWRENCE P. KING, et al., Collier on Bankruptcy (15th ed. 1999)).

- 3 -
09.12.15 Ortiz Exemption.wpd
Case 09-21027   Doc# 32   Filed 12/15/09   Page 3 of 3